## Colwell v. Jones
### [Cite as 6 AOA 288]

*Case No. 14528*

*Summit County, (9th)*
*Decided August 1, 1990*

*Anthony J. Costello, Akron, for plaintiffs.*

*Rob McCarty, Asst. Prosecuting Attorney, Akron, for plaintiffs.*

*Michael Jones, Akron, for defendant.*

### CIRIGLIANO, J.

On December, 1982, Kathryn Colwell (Kathryn), through the office of the prosecuting attorney, filed a complaint to establish that a parent-child relationship existed between Courtney Colwell (Courtney), born July 15, 1980, and Andrew Jones (Jones). In the complaint, Kathryn requested a current child support order and judgment for past support arrearages.

A trial was held August 11, 1989. Jones did not appear. The trial court found that a parent-child relationship existed between Jones and Courtney. The trial court ordered Jones to pay child support in the amount of $75.00 per week by wage assignment plus two percent poundage. A judgment for $25,000 was granted against Jones for the past support of Courtney.

In addition to ordering that Jones' employer withhold Jones' wages, the trial court ordered the employer to notify the court of any lump-sum payments of any kind of $500.00 or more that were to be paid to Jones.

On August 30, 1988, Jones moved to vacate the judgment and to stay execution of judgment.

No ruling was ever made on these motions. Jones then sought a partial stay of judgment regarding the withholding and application of any lump-sum awards to arrearages. The trial court granted a partial stay as to the forced withdrawal through wage assignment of any lump-sum awards over $500.00.

This stay was granted until the hearing was to be held on Jones' motion to vacate.

Jones' employer notified the Child Support Enforcement Agency (CSEA) that Jones was due a lump-sum payment derived from the termination of his Employee Stock Option Plan (ESOP). Kathryn, through CSEA, moved for a transmittal of the lump-sum payment. R.C. 3113.21(H)(3).

The trial court found that Jones had past due arrearages and ordered the transmittal of the lump-sum award. Jones moved to amend the lump-sum payment order. A hearing was held before a referee. In her report, the referee set forth the following:

"1. This matter came before the Referee for a hearing on August 24, 1989. Attorney Robert McCarty from the Child Support Enforcement Agency was present on behalf of the Plaintiff; Attorney Michael Jones was present on behalf of the Defendant. This hearing was held on Defendant's motion for an amendment of the lump sum payment order requiring the Defendant's employer to transmit the lump sum payment owed the Defendant to the Child Support Enforcement Agency for satisfaction of arrearages.

"2. On behalf of the Plaintiff, Attorney McCarty argued that Ohio Revised Code Section 3113.21(H)(3)(a)(i) requires the Court to order the entire payment to be applied toward any arrearages.

"3. On behalf of the Defendant, Attorney Jones argued that the Defendant was not in default of the order of 8-16-88 requiring the payment of child support. Defendant argued that he has been in compliance with that order, and that the lump sum would be applied only toward a judgment for past support since the child's birth.

"4. The Referee finds that the Defendant's argument regarding the distinction between default and arrearages was rejected in Brown vs. Brown, Montgomery County, CA-10508, (unreported, 2nd district, 1988), and that the Court's rationale for rejecting Defendant's argument should be applied in the instant case.

"5. The Referee further finds, however, that the mechanics of Ohio Revised Code Section 3113.21(H)(3)(a) are governed by the principles otherwise set forth in Section 3113.21, particularly those limiting execution to that permissible by federal law. For instance, in Section 3113.21(E), the statute specifically prohibits withholding in excess of the maximum amount permitted under Section 303(B) of 15 USC 1673(b). Further, Section 3113.21(D)(1)(b)(iii) indicates that the employer is required to "pay any specified amount" ordered by the Court to the Child Support Enforcement Agency. This section of the statute indicates that the Court has the authority to order that less than the entire amount withheld be transferred to the agency.

"6. The Referee finds that withholding orders of lump sum payments are bound by federal restrictions contained in the Consumer Credit Protection Act.

### RECOMMENDATIONS

"1. Child Support Enforcement Agency shall apply one-half of the funds now being held in escrow toward the satisfaction of current arrearages, and one-half of the fund being held in escrow shall be returned to the Defendant."

The trial court overruled the parties' objections and approved the referee's report. The court ordered CSEA to disburse one-half of the escrowed lump sum to Jones and one-half to Kathryn.

Kathryn, through CSEA, appeals. She assigns two errors.

### Assignment of Error I

"The Summit County Juvenile Court erroneously applied federal law by characterizing a lump-sum payment, held for application to an obligor's child support arrearages, as 'disposable earnings' under the Consumer Credit Protection Act."

The Consumer Credit Protection Act affords debtors relief from creditors by ensuring that no more than fifty percent of a wage earner's disposable earnings can be garnished for payment of child support obligations and no more than twenty-five percent garnished for the payment of other debts. Section 1673, Title 15, U.S.Code. The Consumer Protection Act defines disposable earnings as an individual's earnings "remaining after the deduction from those earnings of any amount required by law to be withheld." Section 1672(b), Title 15 U.S.Code.

Kathryn correctly argues that the trial court erred when it determined that the lump sum payment derived from the termination of Jones' Employee Stock Ownership Plan (ESOP) was within the purview of the Consumer Credit

Protection Act and thus subject to the fifty percent restriction on garnishment. To uphold the trial court would allow a child support obligor to circumvent the legal obligation of support by minimizing income through the withholding of wages for stock option plans, savings programs and a variety of other voluntary payroll deduction programs. The Consumer Credit Protection Act does not include lump sum payments of this type. *Kokoszka v. Belford* (1974), 417 U.S. 642, 651; 1988 Ohio Atty.Gen.Ops. No. 88-012, at 2-47.

Accordingly, we sustain Kathryn's first assignment of error.

### Assignment of Error II

"The Summit County Juvenile Court misapplied Ohio law by ordering less than an entire lump-sum payment to be applied to an obligor's child support arrearages where Ohio Revised Code Section 3113.21 mandates that the entire amount be applied to any unpaid arrearages and to any defaulted amount under the most recent support order."

Pursuant to R.C. 3113.21(D)(1)(b)(iii), the trial court issued an order finding that Jones was in arrears on his child support obligation. The trial court ordered Jones' employer to notify CSEA if any lump sum payments in excess of $500 were to be made to Jones.

Once the CSEA receives notice of this lump-sum payment, the court has two options:

"***.

"(3)(a) Upon receipt of a notice from a child support enforcement agency under division (G)(5) of this section that a lump-sum payment of five hundred dollars or more is to be paid to the obligor, the court shall do either of the following:

"(i) If the obligor is in default under the support order or has any unpaid arrearages under the support order, issue an order requiring the transmittal of the lump-sum payment to the child support enforcement agency;

"(ii) If the obligor is not in default under the support order and does not have any unpaid arrearages under the support order, issue an order redirecting the person who gave the notice to the court to immediately pay the full amount of the lump-sum payment to the obligor." R.C. 3113.21(H)(3)(a)(i) and (ii).

Jones has unpaid arrearages under the support order. The court must order the transmittal of the entire lump-sum payment to reduce or eliminate these arrearages. R.C. 3113(H)(3)(a)(i). The trial court has no discretion to choose the amounts to be allocated to the arrearages and to the obligor.

We sustain the second assignment of error.

We reverse the trial court's decision and remand for proceedings consistent with this opinion.

The Court finds that there were reasonable grounds for this appeal.

REECE, P.J., and BAIRD, J., concur.